IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JIANWEN  MA | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| | § | Complaint |
| | § | And |
| NATIONAL CREDIT SYSTEMS, INC | § | |
| | § | |
| | § | |
| | § | Demand for Jury Trial |
| | § | |
| | § | |
| Defendant | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW the Plaintiff, JIANWEN MA by Counsel, Dennis McCarty, and for his complaint against the Defendant, alleges as follows:

**PRELIMINARY STATEMENT**

1.   This is an action for actual, statutory, costs, and attorney's fees brought pursuant to 15 U.S.C. §1692 (Federal Fair Debt Collect Act).  As well as injunctive, Exemplary, actual, statutory, and attorney fees pursuant to Tex. Fin. Code §392.

**JURISIDICTION AND VENUE**

2.   Jurisdiction of this Court is conferred by 15 U.S.C. §1692k(d) and 28 U.S.C. §1331, supplemental jurisdiction exists for any state law claims pursuant to 28 U.S.C. §1367.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this Judicial District.

## PARTIES

4.  Plaintiff, Jianwen Ma(hereinafter Plaintiff) is a natural person and is a resident and citizen of Collin County, the State of Texas, United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, National Credit Systems,(hereinafter Defendant), is a "debt collector", as defined 15 U.S.C §1692a(6) and Texas Finance Code § 392.001and engaged in the business with the purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant is currently doing business in Texas.

## FACTUAL ALLEGATIONS

6.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

7.  Plaintiff has never lived at the Marquis Waterview Apartments.

8.  Plaintiff has never signed a contract with Marquis Waterview Apartments

9.  Plaintiff did not even know where the Marquis Waterview Apartment complex was located.

10. Plaintiff called Marquis Waterview Apartments and was informed that they did not have a contract with her.

11. Plaintiff called National Credit Systems, Inc. multiple times to discuss their

faulty reporting.  On one occasion they laughed at her and continued to request that she pay the amount they were attempting to collect and that the reporting would continue.

12. Defendant sent Plaintiff a letter dated June 3, 2010, stating that she should contact their office or it would be "reviewed for possible legal action".  Defendant threatened an action they can not legally take.

13.  Defendant maliciously, willfully, and negligently violated multiple Fair Debt Collection statutes in an attempt to collect an alleged debt.

14.  As a result of Defendants conduct, Plaintiff has suffered great emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

15. As a result of Defendants conduct, Plaintiff has suffered actual damages and all to Plaintiff's great detriment and loss.

16. At all times pertinent hereto, Defendant was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

17. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

18.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

19.  This suit is based upon the Defendants violation of the Federal Fair Debt

Collection Act.  All causes of action were the producing causes of damages which Plaintiff suffered.

### Count I: Fair Debt Collection Act

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21. Defendant violated Federal Statute 15 U.S.C. §1692e(8).  Defendant reported to the three (3) credit bureaus credit information that they knew or should know was false when they reported that Plaintiff owed a debt to an apartment complex that she never lived in or signed any contract that would obligate her to the apartment complex. The section entitled "False or misleading representations" under 15 U.S.C. §1692e reads:

> (8)  Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

22.  Defendant violated Federal Statutes 15 U.S.C. §1692e(5), and 15 U.S.C. §1692e(10). Defendant sent a false and misleading letter to Plaintiff dated June 3, 2010 stating that she owed a debt to Marquis Waterview Apartments, a place that she has never lived at or sign any contractual obligation.  The letter further stated that she needed to contact their office regarding the debt or it would be "reviewed for possible legal action." Defendants took advantage of her least sophisticated consumer status making her believe that legal action was being taken against the Plaintiff. Defendant knew or should have known that Defendant could not take any legal action against Plaintiff because she never signed any contract or lived at the apartment complex. Defendant could not legally pursue any course of legal action because they did not have the documentation required

to establish standing to sue Plaintiff therefore Defendant would not be a proper assignee

to sue on the debt.

This is a threat to get a civil judgment that they are statutorily not able and have no

intention of filing. This statement was made to scare, intimidate and harass Plaintiff.

The section entitled "False or misleading representations" under 15 U.S.C. §1692e reads:

>(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

and;

>(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.


## COUNT II—VIOLATION OF THE TEXAS DEBT COLLECTION ACT

## (TDCA)—TEXAS FINANCE CODE §392

23.  Plaintiff incorporates the foregoing paragraphs as though the same were

set forth at length herein

24.  The Plaintiff is a "consumer" as defined by Tex. Fin. Code §392.001(1).

25.  The Defendant is a  "debt collector" and a "third party debt collector" as

defined by Tex. Fin. Code §392.001(6) and (7).

26.  The TDCA makes it a violation for a debt collector to attempt to collect a

debt by "Threatening to take an action prohibited by law" Tex. Fin. Code §392.301(a)(8)

as well as making, "Fraudulent, Deceptive, or Misleading Representations" Tex. Fin.

Code §392.304(a)(19). Defendant sent a false and misleading letter to Plaintiff dated June

3, 2010 stating that she owed a debt to Marquis Waterview Apartments, a place that she

has never lived at or sign any contractual obligation.  The letter further stated that she

needed to contact their office regarding the debt or it would be "reviewed for possible

legal action."

Defendants took advantage of her least sophisticated consumer status making her believe

that legal action was being taken against the Plaintiff. Defendant knew or should have

known that Defendant could not take any legal action against Plaintiff because she never

signed any contract or lived at the apartment complex. Defendant could not legally

pursue any course of legal action because they did not have the documentation required

to establish standing to sue Plaintiff therefore Defendant would not be a proper assignee

to sue on the debt.

This is a threat to get a civil judgment that they are statutorily not able and have no

intention of filing. This statement was made to scare, intimidate and harass Plaintiff

The section entitled "Subchapter D. Prohibited Debt Collection Methods"

Sec. 392.301.  THREATS OR COERCION.
 (a) In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices:

(8)  threatening to take an action prohibited by law.

And;

This section entitled Fraudulent, Deceptive, or Misleading Representations reads:

Sec. 392.304.     FRAUDULENT,     DECEPTIVE,     OR     MISLEADING REPRESENTATIONS.  (a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:

(19)  using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.

27.  Plaintiff seeks all damages recoverable under the TDCA, including but not

limited to injunctive relief, actual damages, reasonable attorney's fees and costs.

Defendant alleges that they are entitled to exemplary damages under the Texas Civil

Practice & Remedies Code as a result of Defendant's actions.

28.  As a result of Defendant's conduct, Plaintiff has suffered great,

emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

29. As a result of Defendants conduct, Plaintiff has suffered actual damages and

all to Plaintiff's great detriment and loss.

30. At all times pertinent hereto, Defendants was acting by and through their

agents, servants, and/or employees who were acting within the course and scope of their

agency or employment, and under the direct supervision and control of the Defendant

herein.

31. At all times pertinent hereto, the conduct of the Defendant, as well as that

of their agents, servants and/or employees, was malicious, intentional, willful, reckless,

and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff

herein.

32. The conduct of Defendant was a direct and proximate cause, as well as a

Substantial factor in bringing about the damages and harm to Plaintiff

that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for

the full amount of actual, statutory damages, exemplary damages, costs and attorney fees

as well as such other relief, permitted by law.

EXEMPLARY DAMAGES

33.  Plaintiff would further show that the acts complained herein of

Defendants were committed with fraud, malice, with gross negligence and with the

specific and predetermined intention of enriching said Defendant at the expense of

7

Plaintiff.  In order to punish said Defendant for such unconscionable overreaching and to

deter such actions in the future, Plaintiff also seeks recovery from Defendant for

exemplary damages as provided by Texas Civil Practice & Remedies Code  §41.001(5)

<u>DEMAND FOR JURY TRIAL</u>

34.  Plaintiff demands trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages

against the Defendant, based on the following requested relief:

(a) Actual damages pursuant to 15 U.S.C. §1692k;

(b) Statutory damages pursuant to 15 U.S.C. §1692k;

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

(d) Injunctive relief pursuant to Tex. Fin. Code §392.403(a)(1);

(e) Actual Damages pursuant to Tex. Fin. Code  §392.403(a)(2)

(f) Exemplary Damages pursuant to Texas Civil Practice & Remedies Code

   §41.001(5).

(g) Such other and further relief as may be necessary, just and proper.

Dated: May 15, 2011

Respectfully submitted,

<u>/s/ Dennis McCarty</u>
Dennis McCarty
ATTORNEY FOR PLAINTIFF
Mississippi Bar No. 102733
P.O. Box 54172
Hurst, TX., 76054

Telephone: 682-224-6713
Fax (817) 887-5069
dmccartylaw@att.net